IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MITCHELL TOLBERT, individually and on behalf of all others similarly situated,** | § § § § § | CIVIL ACTION NO. 1:17-cv-69 |
| *Plaintiff(s),* | § § § | COMPLAINT – CLASS ACTION |
| v. | § § | |
| **MERCHANTS AND PROFESSIONAL CREDIT BUREAU, INC.** | § § § § § | JURY |
| *Defendant* | § § | |

## ORIGINAL CLASS ACTION COMPLAINT

*Jury Trial Requested*

Plaintiff Mitchell Tolbert (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes the action in accordance with, and to remedy violations by, Defendant Merchants and Professional Credit Bureau, Inc. (hereinafter "Defendant" or "MP Credit Bureau") of the Fair Debt Collection Practices Act, 15 U.S.C.A. §1692, *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Practices Act, TEX. FIN. CODE § 392.001 *et seq.* (hereinafter "TDCA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant from its unlawful conduct.

# I.
# PARTIES

1. Plaintiff Mitchell Tolbert is a natural person who resides in Travis County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2. Defendant Merchants and Professional Credit Bureau, Inc. is a Texas corporation which operates as a collection agency. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at 2312 Western Trails Blvd., Suite B202, Austin, Texas 78745 and may be served through its registered agent, Boyce Hornburg at 5508 Parkcrest, #210, Austin, Texas 78731.

3. All conditions precedent to Plaintiff proceedings with this lawsuit have occurred.

# II.
# JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

5. Pursuant to 28 U.S.C.A. § 1367(a), Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6. Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant is actively doing business in this State and is subject to personal jurisdiction throughout the State; (ii) Defendant transacts business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District.

Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims.

### III.
### THE FAIR DEBT COLLECTION PRACTICES ACT, ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

7. In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted). "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

### IV.
### FACTS RELATED TO PLAINTIFF MITCHELL TOLBERT

8. Some time prior to October 18, 2016, an obligation (the "Debt") was allegedly incurred by Plaintiff to the original creditor, Central Texas OB/GYN ("Creditor").

9. The Debt arose out of a transaction for medical services in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family

or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and TEX. FIN. CODE § 392.001(2).

10. Creditor is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

11. On or before October 18, 2016, the Debt was assigned to, purchased by, or transferred to Defendant for collection, or Defendant was employed by Creditor to collect the Debt.

12. Defendant meets the definition of a "debt collector" under TEX. FIN. CODE § 392.001(6) and 15 U.S.C. § 1692a(6).

13. Defendant contends that the Debt is in default.

14. Some time prior to October 18, 2016, the Plaintiff disputed the MP CREDIT BUREAU trade line with the credit bureaus.

15. In response, on or about October 18, 2016, Defendant sent a collection letter ("Letter") to the Plaintiff regarding the alleged Debt owed to Creditor. *See* **Exhibit A.**

16. Plaintiff received the Letter and read it.

17. The Letter stated in large capital letters below the name of the Defendant:

"CREDIT BUREAU"



18. The Letter further states:

"AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES"

19.     As the Letter was received in response to a dispute with the credit bureaus, the Plaintiff, as would any least sophisticated consumer, believed that the Defendant was operating as or was employed by a consumer reporting agency.

20.     The Letter further states:

"We may report information about your account to other credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

21.     Upon information and belief, the Defendant had no intention of reporting this debt to any credit bureaus.

22.     Upon information and belief, Defendant had no intention, nor could they have, reported any late payments or missed payments with regards to this alleged medical debt.

23.     The Defendant, in an attempt to scare the Plaintiff into making payment, misrepresented what they may do.

24.     A representation is considered false if "it would mislead the unsophisticated or least sophisticated consumer." *Goswami v. Am. Collections Enter, Inc.,* 377 F.3d 488, 495 (5th Cir. 2004).

25.     A statement is false or misleading if it has two or more meanings one of which is inaccurate.

26.     The statement that the Defendant may report late or missed payments in a credit report, can mean that the Defendant will or will not report such things. As the Defendant had no intention or the ability to report late or missed payments, that statement is false and misleading.

27.     Furthermore, the phrase "may" do something implies that the Defendant has the ability to do it. As the Defendant has no ability to report late or missed payments on a medical debt, that statement was false and misleading.

28.     As a result of the Defendant's violations of the FDCPA and the TDCA, the Plaintiff was

harmed.

29. Defendant's violations of the FDCPA and the TDCA further harmed the Plaintiff by subjecting the Plaintiff to improper and deceptive collection practices, in violation of the Plaintiff's statutorily created substantive rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

30. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

31. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and the TDCA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

32. The above unlawful practices are Defendant's routine procedures for collecting consumer debts.

33. The collection or attempted collection of consumer debts in the aforementioned manner violates both state and federal collection laws.

## V.
## CLASS ALLEGATIONS

34. This action is maintained as a class action on behalf of the following described classes (hereinafter collectively referred to as "the Classes"):

   a. CLASS A: The Class consists of (a) all individuals with addresses in the State of Texas (b) to whom MP CREDIT BUREAU (c) sent a collection letter attempting to collect a consumer debt (d) in which it states "CREDIT BUREAU" on the top of the letter (e) which letter was sent on or after February 1, 2015.

   b. CLASS B: The Class consists of (a) all individuals with addresses in the State of Texas (b) to whom MP CREDIT BUREAU (c) sent a collection letter attempting to collect a consumer medical debt (d) in which it states in

> the Letter "We may report information about your account to other credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." (e) which letter was sent on or after February 1, 2015.
>
> Excluded from each of the above Classes are all employees, including, but not limited to, Judges, clerks and court staff and personnel, of the United States District Court, their spouses, and any minor children living in their households. Also excluded are employees of Defendants, their spouses, and any minor children living in their households. Also excluded are Class counsel and their employees, their spouses, and any minor children living in their households.

35. The unlawful actions of Defendant entitles Plaintiff and each Class Member to actual and statutory damages as well as injunctive relief.

36. The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant.

37. Plaintiff will fairly and adequately protect the interests of each Class Member and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates his duty to each member of the Class under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent Class Members.

38. Plaintiff is asserting claims that are typical of the claims of each Class Member he seeks to represent, in that Defendant engaged in the collection and/or attempted collection of debts from each Class Member he seeks to represent in the same manner—and utilizing the same method—as Defendant utilized against Plaintiff. All claims alleged on behalf of each Class Member flow from this conduct. Further, there is no conflict between Plaintiff and any Class Member with respect to this action.

39.     There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendant's conduct are common to all Class Members, and such common issues of law and fact predominate over any questions affecting only individual Class Members.  The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. §§ 1692e.40.

40.     Issues of law and fact common to members of the Class A include, but are not limited to, the following:

   (a)   Whether Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act;

   (b)   Whether Plaintiff is a "consumer" as that term is defined by the Fair Debt Collection Practices Act;

   (c)   Whether the debt that Defendant sought to collect was a "consumer debt" as defined by the Fair Debt Collection Practices Act;

   (d)   Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   (e)   Whether Defendant's conduct violated 15 U.S.C. 1692e(2)(A)&(B) by making false, deceptive, and misleading representations concerning the character, amount, or legal status of the Debt or any amount which may be collected or sought to be collected by a debt collector in connection with the collection of a debt;

   (f)   Whether Defendant's conduct violated 15 U.S.C. § 1692e(5) when it threatened to take action that cannot legally be taken or that is not intended to be taken;

   (g)   Whether Defendant's conduct violated 15 U.S.C. § 1692f when it used an unfair and unconscionable means to collect or attempt to collect a debt.

   (h)   Whether Defendant is a "debt collector" as that term is defined by the TEX. FIN. CODE § 392.001(6);

   (i)   Whether Plaintiff is a "consumer" as defined by the TEX. FIN. CODE § 392.001(1);

   (j)   Whether the debt that Defendant sought to collect was a "consumer debt" as defined by the TEX. FIN. CODE § 392.001(2);

- (k) Whether Defendant's conduct violated TEX. FIN. CODE § 392.301(a)(3) when it threatened to represent to any person other than the consumer that a consumer is willfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute;

- (l) Whether Defendant's conduct violated TEX. FIN. CODE § 392.304(a)(1)(A) when it used fraudulent, deceptive, or misleading representations regarding the true business or professional name of the debt collector while engaged in debt collection;

- (m) Whether Defendant's conduct violated TEX. FIN. CODE § 392.304(a)(14) when it falsely represented the status or nature of the services rendered by the debt collector or the debt collector's business;

- (n) Whether Defendant's conduct violated TEX. FIN. CODE § 392.304(a)(19) when it used false representation or deceptive means to collect a debt or obtain information concerning a consumer;

- (o) Whether Defendant's conduct violated TEX. FIN. CODE § 392.305 when it deceptively used "Credit Bureau" as part of its name;

- (p) Whether Defendant is liable for damages and the amount of such damages;

- (q) Whether Plaintiff and Class Members are entitled to seek an injunction against Defendants to prevent or restrain further violations of the TDCA; and

- (r) Whether Defendant directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, declaratory relief, injunctive relief, and other legal and equitable relief.

41. The relief sought by each Class Member is common to the entirety of each respective class.

42. Defendant has acted on grounds generally applicable to each member of each of the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole. Therefore, certification pursuant to FED. R. CIV. P. 23(b)(2) is warranted.

43. For each of the Classes, this action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with

respect to individual members which would establish incompatible standards of conduct for Defendant.

44. This action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

45. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

   a. significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

   b. the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

   c. without the representation provided by Plaintiff herein, few, if any, Class Members will receive legal representation or redress for their injuries;

   d. class treatment is required for optimal deterrence;

   e. despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

   f. no unusual difficulties are likely to be encountered in the management of this class action;

   g. absent a class action, Defendant's illegal conduct shall go unremedied and uncorrected; and

   h. absent a class action, the members of the class will not receive compensation and will continue to be subjected to Defendant's illegal conduct.

46.     Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## VI.
## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

47.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48.     Defendant is a debt collector as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6).

49.     Plaintiff is a consumer as defined by the FDCPA. *See* 15 U.S.C. § 1692a(3).

50.     The debt that Defendant sought to collect was a consumer debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(5).

51.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52.     Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant attempted to collect a debt using false, deceptive, or misleading representation or means in connection with the collection of the debt when it sent the letter (Exhibit A) to Plaintiff that stated in large capital letters below the name of the Defendant: "CREDIT BUREAU" and claimed to be "AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES".

53.     Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action that could not be legally taken and/or it had no intention of taking when it stated:

> "We may report information about your account to other credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

54. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant used a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer when it sent the letter (Exhibit A) to Plaintiff that stated in large capital letters below the name of the Defendant: "CREDIT BUREAU" and claimed to be "AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES".

55. Defendant's conduct violated 15 U.S.C. § 1692e(16) in that Defendant falsely represented or implied that the Defendant operates or is employed by a consumer reporting agency when it sent the letter (Exhibit A) to Plaintiff that stated it was "AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES".

56. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used an unfair and unconscionable means to collect or attempt to collect a debt when it sent the letter (Exhibit A) to Plaintiff that stated in large capital letters below the name of the Defendant: "CREDIT BUREAU" and claimed to be "AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES".

57. Congress enacted the FDCPA to prevent real harm. Under the FDCPA, the Plaintiff has a statutory right to not be subjected to false representations. The harm that Plaintiff has alleged is exactly the harm Congress targeted by enacting the FDCPA. Congress "elevat[ed]" these "concrete, de facto" injuries "to the status of legally cognizable injuries." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Its aim was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

58. As a result of Defendant's violations of 15 U.S.C. § 1692, *et seq.*, Plaintiff and Class members are each entitled to actual and statutory damages.

59. Plaintiff and all Class members are also entitled to an award of attorneys' fees and costs.

### COUNT TWO
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT, TEX. FIN. CODE § 392.001, et seq.

60. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. The acts of Defendant constitute violations of the TDCA. *See* TEX. FIN. CODE § 392.001 *et seq.*

62. Defendant is a "debt collector" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(6).

63. Plaintiff is a "consumer" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(1).

64. The debt that Defendant sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

65. TEX. FIN. CODE § 392.301(a)(3) states, in pertinent part, that a debt collector is prohibited from "threatening to represent to any person other than the consumer that a consumer is willfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified, in writing, the debt collector of the dispute."

66. Defendant's conduct violated TEX. FIN. CODE § 392.301(a)(3) when it sent the letter (Exhibit A) to Plaintiff that stated in part:

> "We may report information about your account to other credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

67. Defendant's conduct violated TEX. FIN. CODE § 392.304(a)(1)(A) in that Defendant used fraudulent, deceptive, or misleading representation that employed using a name other than the true

business or professional name or of the debt collector while engaged in debt collection when it sent the letter (Exhibit A) to Plaintiff that stated in large capital letters below the name of the Defendant: "CREDIT BUREAU" and claimed to be "AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES".

68. Defendant's conduct violated TEX. FIN. CODE § 392.304(a)(14) when it falsely represented the status or nature of the services rendered by the debt collector or the debt collector's business by sending the letter (Exhibit A) to Plaintiff that stated it was "AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES" and further stated:

> "We may report information about your account to other credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

69. Defendant's conduct violated TEX. FIN. CODE § 392.304(a)(19) when it used false representation or deceptive means to collect a debt or obtain information concerning a consumer when it sent the letter (Exhibit A) to Plaintiff that stated in large capital letters below the name of the Defendant: "CREDIT BUREAU" and claimed to be "AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES".

70. Defendant's conduct violated TEX. FIN. CODE § 392.305 when it deceptively used "Credit Bureau" as part of its name in the letter (Exhibit A) Defendant sent to Plaintiff that stated in large capital letters below the name of the Defendant: "CREDIT BUREAU" and claimed to be "AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES".

71. The Texas Legislature enacted the TDCA to prevent real harm. The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers. Defendant's notice harmed

Plaintiff by causing the very harm that the Texas Legislature sought to prevent – informational injury under the TDCA.

72.   As a result of Defendant's violations of the TDCA, Plaintiff and Class Members are entitled to and do seek an injunction against Defendant to prevent or restrain further violations.[1]

73.   Defendant's described actions in violation of the Texas Debt Collection Act have directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages and reasonable attorneys' fees and costs, declaratory relief, injunctive relief and other legal and equitable relief pleaded herein.

## VII.
## VICARIOUS LIABILITY

74.   At all times relevant hereto, the individual debt collectors who contacted or attempted to contact Plaintiff and the Class Members were employed by Defendant and were working in the course and scope of their employment with Defendant. Defendant had the right to control their activities. Therefore, Defendant is liable for their actions, inactions, and conduct which violated the FDCPA and TDCA and proximately caused damage to Plaintiff and each member of the classes as described herein.

## VIII.
## JURY REQUEST

75.   Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendant as follows:

---

[1] Texas Finance Code § 392.403(1).

**ORIGINAL CLASS ACTION COMPLAINT**                                                                                               **PAGE 15**

a. Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).

b. Declaring:

   a. Defendant's actions violated the FDCPA; and
   b. Defendant's actions violated the TDCA;

c. Enjoining Defendant from committing further violations of the FDCPA and the TDCA;

d. Awarding Plaintiff and Class Members actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

e. Awarding Plaintiff and Class Members statutory damages and penalties under the FDCPA;

f. Awarding Plaintiff and Class Members actual and statutory damages and penalties under the TDCA;

g. Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant; and Granting such other relief that equity and the law deems appropriate.

Dated:  February 1, 2017

Respectfully submitted,

By: */s/ Walt D. Roper*
Walt D. Roper
TX State Bar No. 00786208
**THE ROPER FIRM, P.C.**
3001 Knox Street
Suite 405
Dallas, TX 75205
214.420.4520
1+214.856.8480 - Facsimile
walt@roperfirm.com

**ATTORNEY FOR PLAINTIFF**